# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

TYRONE CHALMERS,

        Petitioner,

vs.                                            No. 2:09-cv-2051-MSN-atc

TONY MAYS, Warden,
Riverbend Maximum Security
Institution,

        Respondent.

## ORDER GRANTING UNOPPOSED MOTION TO STAY AND ABEY FEDERAL HABEAS PROCEEDINGS

Before the Court is Plaintiff Tyrone Chalmers' ("Petitioner") Unopposed Motion to Stay and Abey Federal Habeas Proceedings. (ECF No. 126.) Chalmers has filed a motion in Shelby County Criminal Court alleging an intellectual disability claim under *Atkins v. Virginia*, 536 U.S. 304 (2002), pursuant to a 2021 amendment to the Tennessee statute prohibiting execution of an intellectually disabled defendant. (*Id.* at PageID 5647–48.). He now seeks to stay and abey his federal habeas proceedings until his state court proceedings have been resolved. (*Id.* at PageID 5646.)

Tennessee law provides that "no defendant with intellectual disability at the time of committing first degree murder shall be sentenced to death." *See* Tenn. Code Ann. § 39-13-203(b) (2021). In May 2021, the first prong of the Tennessee statute was changed to remove the language that significantly subaverage general intellectual functioning must be "evidenced by a functional intelligence quotient (I.Q.) of seventy (70) or below." *See* Tenn. Code Ann. § 39-13-203(a)(1) (2014). Under the amendment, a defendant has an "intellectual disability" when he has: "(1) [s]ignificantly subaverage general intellectual functioning; (2) [d]eficits in adaptive behavior; and (3)

[t]he intellectual disability manifested during the developmental period or, by eighteen (18) years of age." Tenn. Code Ann. § 39-13-203(a)(1–3). The change in the statute allows a defendant, like Chalmers, who was sentenced to the death penalty before May 11, 2021, and whose conviction is final on direct review, to petition the trial court for a determination of intellectual disability if the claim has not previously been adjudicated on the merits. *See id.*, § 39-13-203(g)(1) & (2). Chalmers has moved the trial court for such a determination.

Chalmers asserts that he has an unexhausted intellectual disability claim before this Court and that his federal habeas petition is "newly 'mixed'" due to the new avenue for addressing his intellectual disability claim in state court. (*Id.* at PageID 5648–49.) He argues that he has good cause for failure to exhaust this claim because he previously could not bring the claim in state court. (*Id.* at PageID 5649.) Chalmers contends that his claim has potential merit because, based on expert opinions, he presents a colorable claim of intellectual disability. Moreover, he maintains that he has diligently pursued his claim because he timely filed his state court motion after the recent change in the Tennessee law. (*Id.* at PageID 5651.)

Chalmers requests that the Court exercise its discretion to stay the case and hold it in abeyance to enable him to exhaust his claim that the State of Tennessee lacks authority to execute him based on his intellectual disability. (*Id.*) He contends that a stay is consistent with *Rhines* and promotes the efficient and economic administration of justice. (*Id.* at PageID 5652.)

I.    **LEGAL STANDARD**

A federal court may not grant a writ of habeas corpus on behalf of a state prisoner unless, with certain exceptions, the prisoner has exhausted available state remedies by presenting the same claim sought to be redressed in a federal habeas court to the state courts. 28 U.S.C. § 2254(b) & (c). *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). In *Rose v. Lundy*, 455 U.S. 509, 510 (1982), the U.S.

Supreme Court held that a district court must dismiss a "mixed" § 2254 petition that contains

exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to

exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted

claims to the district court."  Subsequently, in *Rhines v. Weber*, 544 U.S. 269, 276 (2005), the

Supreme Court held that a district court has discretion to stay a mixed habeas petition to allow the

prisoner to exhaust his unexhausted claims.  The Supreme Court has made clear that stay and

abeyance are appropriate only in limited circumstances "[b]ecause granting a stay effectively excuses

a petitioner's failure to present his claims first to the state courts [before filing his federal habeas

petition]."  *Id.* at 277.  "[S]tay and abeyance is only appropriate when the district court determines

there was good cause for the petitioner's failure to exhaust his claims first in state court."  *Id.*

## II.    ANALYSIS

Chalmers has alleged that an intellectual disability, formerly referred to as mental retardation,

prevented his execution in his initial and amended habeas petitions.  (ECF No. 1 at PageID 28–29;

ECF No. 12 at PageID 160.)  This Court previously stayed the federal habeas petition to allow

Chalmers to pursue his intellectual disability claim in state court.  (*See* ECF No. 75.)  The Court lifted

the stay in 2019, after Chalmers was denied a petition for writ of certiorari regarding the state court

litigation of the intellectual disability claim.  (*See* ECF No. 103.)  Chalmers was not allowed to

reopen the post-conviction proceedings in state court to pursue his intellectual disability claim and

never received an adjudication on the merits in state court.  (*See* ECF Nos. 111–42 & 111–44.)

Based on the Tennessee amendment to the intellectual disability statute, Chalmers may now

exhaust his intellectual disability claim.  The intellectual disability determination is crucial to the

resolution of the federal habeas petition, especially since the Court in *Atkins*, "leave[s] to the State[s]

the task of developing appropriate ways to enforce the constitutional restriction upon [their]

execution of sentences." *Atkins*, 536 U.S. at 317, (quoting *Ford v. Wainwright*, 477 U.S. 399, 405, 416–17 (1986)).  Further, in the interest of comity, exhaustion affords the state court "an initial opportunity to pass upon and correct alleged violations of prisoner federal rights." *Shinn v. Ramirez*, No. 20-1009, 2022 WL 1611786, ___ S. Ct.__, at *7 (2022).

Pursuant to *Rhines* and for good cause, the Unopposed Motion to Stay and Abey Federal Habeas Proceedings is **GRANTED**.  Petitioner is **ORDERED** to notify the Court within thirty (30) days of the state court's resolution of Petitioner's motion under Tenn. Code Ann. § 39-13-203(g).

**IT IS SO ORDERED** this 7th day of June, 2022.

*s/ Mark Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE